IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>CASSANDRA WASHINGTON,<br><br>Defendant. | CR-16-24-BMM-01<br><br>**FINDINGS AND RECOMMENDATIONS TO REVOKE DEFENDANT'S SUPERVISED RELEASE** |

## I. Synopsis

Cassandra Washington was accused of violating her conditions of supervised release by 1) failing to notify her probation officer prior to a change in residence at least ten days prior, 2) associating with persons engaged in criminal activity, 3) possessing controlled substances without a prescription, 4) possessing drug paraphernalia, 5) using controlled substances, including oxycodone, morphine, dextroamphetamine, hydrocodone, and methamphetamine, without a prescription, and 6) using a controlled substance. She admitted to all of the violations except violation 2. Ms. Washington's supervised release should be revoked. She should be placed in custody for two months, with thirty-four months of supervised release to follow. The same conditions of supervised release should be continued, and the

first thirty days of her supervised release should be at an inpatient treatment facility.

## II. Status

In December of 2015, Ms. Washington appeared before the Honorable John T. Copenhaver, Jr., United States District Judge for West Virginia, and pled guilty of the offense of Possession of a Controlled Substance with Intent to Distribute. Ms. Washington was sentenced to 147 days of custody and thirty-six months of supervised release. Ms. Washington's period of supervised release began on December 10, 2015.

On March 17, 2016, Judge Copenhaver approved a Request to Modify Conditions of Supervision, which modified substance abuse testing and treatment condition language to comply with Ninth Circuit case law and decisions, and added a mental health condition as Ms. Washington was diagnosed as bipolar and was taking psychotropic medications.

On April 4, 2016, the Honorable Brian Morris, United States District Judge, accepted the transfer of jurisdiction to Montana.

**Petition**

On September 18, 2017, the United States Probation Office filed a Petition asking the Court to revoke Ms. Washington's supervised release. In the Petition,

the Probation Office accused Ms. Washington of violating the conditions of her supervised release, stating that she failed to notify her probation officer of a change in employment after she was fired from her job on August 17, 2017. Violation 2 alleges that on August 18, 2017, Ms. Washington was a passenger in a vehicle with Hunter Vegge and George Beckett, which was stopped by the Glasgow Police Department. A search of the vehicle located illegal drugs and drug paraphernalia. On August 21, 2017, Ms. Washington admitted to using illegal narcotics with Mr. Vegge and Mr. Beckett, and that she knew they were involved in illegal behavior, but continued to associate with them. Violation 3 alleges that on August 21, 2017, Ms. Washington showed up to her urinalysis testing with a green container in her pocket, which contained a dextroamphetamine pill, two morphine pills, and one hydrocodone pill, none of which were prescribed to Ms. Washington. Violation 4 alleges Ms. Washington admitted to a police officer in the aforementioned stop that she had drug paraphernalia in her purse, including two baggies she used to crush pills, a straw used for snorting pills, and other yellow baggies commonly used for drug distribution. Violation 5 alleges on August 21, 2017, Ms. Washington signed a drug use admission form acknowledging she used: oxycodone on August 9 and 19, 2017; morphine daily from August 14 to August 20, 2017; dextroamphetamine on August 17, 2017; hydrocodone on August 16 and 18, 2017; and

3

methamphetamine on August 18, 19, and 20, 2017.  Finally, Violation 6 alleges that Ms. Washington signed a drug use admission form on September 1, 2017, acknowledging she used methamphetamine and hydrocodone on August 30, 2017.  (Doc. 3).  Based on the Petition, Judge Brian Morris issued a warrant for Ms. Washington's arrest.  (Doc. 4).

**Initial appearance**

Ms. Washington appeared before the undersigned on September 20, 2017, in Great Falls, Montana.  Federal Defender Hank Branom accompanied her at the initial appearance.  Assistant United States Attorney Ryan Weldon represented the United States.

Ms. Washington said she had read the petition and understood the allegations.  Ms. Washington waived the preliminary hearing, and the parties consented to proceed with the revocation hearing before the undersigned.

**Revocation hearing**

Ms. Washington admitted she committed all of the violations, except for violation 2, which she denied.  The United States did not put on evidence to support its allegation and therefore did not meet its burden with regard to violation 2.  The remaining violations which she admitted to are serious and warrant revocation of Ms. Washington's supervised release.

Ms. Washington's violation grade is Grade C, her criminal history category is III, and her underlying offense is a Class C felony. She could be incarcerated for up to twenty-four months. She could be ordered to remain on supervised release for up to thirty-six months, less any custody time imposed. The United States Sentencing Guidelines call for five to eleven months in custody.

Mr. Branom recommended a sentence below the Sentencing Guidelines, followed by treatment for her substance abuse issues. He argued that even a minimum guideline sentence is well-above the time she served for her underlying offense. Ms. Washington addressed the Court and admitted the violations, but stated that she has no support at home and is willing to do whatever it takes to get clean, and that she is at rock bottom now. Mr Weldon agreed that a lower term of custody would be appropriate.

### III. Analysis

Ms. Washington's supervised release should be revoked because she admitted violating its conditions. Ms. Washington should be incarcerated for two months, with thirty-two months of supervised release to follow. This sentence would be sufficient given the seriousness of the violations but not greater than necessary. A downward departure from the guideline range is warranted by the nature of the violations and the history and characteristics of Ms. Washington. The

conditions previously imposed should be continued.  Additionally, the first thirty

days of her supervised release should be spent at Passages inpatient treatment, if

possible.

## IV.  Conclusion

Ms. Washington was advised that the above sentence would be

recommended to Judge Morris.  The Court reminded her of her right to object to

these Findings and Recommendations within fourteen days of their issuance.  The

undersigned explained that Judge Morris would consider Ms. Washington's

objection, if it is filed within the allotted time, before making a final determination

on whether to revoke Ms. Washington's supervised release and what, if any,

sanction to impose.

The undersigned **FINDS:**

> Cassandra Washington violated the conditions of her supervised
> release by 1) failing to notify her probation officer prior to a change in
> residence at least ten days prior, 2) possessing controlled substances
> without a prescription, 3) possessing drug paraphernalia, 4) using
> controlled substances, including oxycodone, morphine,
> dextroamphetamine, hydrocodone, and methamphetamine, without a
> prescription, and 5) using hydrocodone and methamphetamine.

The undersigned **RECOMMENDS:**

> The District Court should enter the attached Judgment
> revoking Ms. Washington's supervised release and
> committing Ms. Washington to the custody of the United
> States Bureau of Prisons for two months, with a term of

thirty-two months of supervised release to follow. The same conditions of supervised release should be continued, and the first thirty days of Ms. Washington's supervised release should be at Passages inpatient treatment center, if possible.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A district judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge, and may waive the right to appear and allocute before a district judge.

Dated the 21st day of September, 2017.


John Johnston
United States Magistrate Judge